**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARION COLLINS,**

                          **Plaintiff,**

            **v.**                                        **1:04-CV-1134**
                                                              **(GLS\DRH)**

**BRUCE P. KUELLER and**
**MERRILY P. TIMONEY-AMBROSE**
**as CO-TRUSTEES of the ALEXANDER**
**P. KUELLER FAMILY TRUST,**

                          **Defendants/Third Party Plaintiffs,**

            **v.**

**UNITED STATES POSTAL SERVICE,**

                          **Third Party Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

NILES, CARDANY LAW FIRM              EVAN F. BRACY, ESQ.
46-48 Cornelia Street
Plattsburgh, New York 12901-0786

**FOR THE DEFENDANTS/THIRD**
**PARTY PLAINTIFFS:**
DINSE, KNAPP LAW FIRM                JON J. TYZBIR, ESQ.
209 Battery Street
Burlington, Vermont 05401

**FOR THE THIRD-PARTY**
**DEFENDANT:**

Office of the U.S. Attorney - Albany        BARBARA D. COTTRELL, ESQ.
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207-2924

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending before the court is a motion to dismiss by third-party

defendant, the United States Postal Service (the Postal Service), and a

motion for summary judgment by the defendants, the Trust.[1]  Marion

Collins (Collins) was injured when she fell outside the post office.  She

alleges that the Trust negligently maintained the property.  For the reasons

that follow, the motion to dismiss is **GRANTED**, the summary judgment is

**DENIED** as moot, and the entire case is remanded to the Clinton County

Supreme Court.

### II. Procedural History

Collins filed an administrative claim against the Postal Service on

---

[1]The defendants in the caption above are Bruce P. Kueller and Merrily P. Timoney-Ambrose, as Co-Trustees of the Alexander P. Kueller Family Trust.  The court will refer to these defendants as the "Trust."

February 20, 2003, pursuant to the Federal Tort Claims Act, 28 U.S.C. §

2671, *et seq* (FTCA).  The Postal Service denied the claim on March 26,

and Collins had six months from the date of denial in which to either file a

lawsuit in United States District Court against the United States of America

or file a written request with the Postal Service for reconsideration of her

claim.  Collins instead filed suit against the Trust, the owner/ lessor of the

property, in New York State Court on November 12, 2003.  The Trust

brought a third-party action against the Postal Service.  On September 29,

2004, the Postal Service, the third-party defendant to this action, removed

the case to federal court under 28 U.S.C. §§ 1441(a), 1442(a)(1), and

1446.

The Postal Service filed a motion to dismiss the third-party complaint

on October 14, 2004, and the Trust filed a motion for summary judgment

on April 13, 2005.  Oral argument was held on December 15, 2005, and the

court reserved decision.

### III. **Facts**

On March 6, 2002, Collins fell while walking from a parked vehicle on

Forge Street in AuSable Forks, New York into the AuSable Forks Post

Office.  *Trust SMF ¶1*; *Dkt. No. 12*.  Collins slipped on an icy depression in

3

the ground.  *Trust SMF ¶2*; *Dkt. No. 12.*  The building housing the Post

Office and the property on which it sits at 2 Forge Street is owned by the

Trust and leased to the the Postal Service pursuant to a valid lease

agreement (Lease).  *Trust SMF ¶3*; *Dkt. No. 12.*  Under the Lease, the

Postal Service has the exclusive right to the entire property, including the

structure housing the Post Office, the driveway, and the sidewalks.  *Trust*

*SMF ¶4*; *Dkt. No. 12.*  The Trust has a "limited"[2] contractual duty[3] to

maintain the premises.  *Trust SMF ¶5*; *Dkt. No. 12.*  The Postal Service is

obligated to notify the Trust in writing if repair or maintenance is required

before the Trust can enter the property.[4]  *Id.*  The AuSable Forks

---

[2]Collins denies that the Trust's duty to maintain the subject premises is "limited." *Collins SMF ¶5; Dkt. No. 19.*

[3]The relevant provisions in the lease read in part:

> (a) The Lessor shall, except as otherwise specified herein, and except for damage resulting from the negligence of Postal Service agents or employees, maintain the demised premises... furnished by the Lessor under this Lease, in good repair and tenantable condition.  For the purposes of so maintaining said premises and property, the Lessor may at reasonable times, and upon reasonable notice to the facility manager, enter and inspect the same and make necessary repairs thereto.

> (g) When there is need for maintenance or a repair which is the Lessor's obligation under the Maintenance Rider or for restoration of the premises or any part thereof to state of good repair and tenantable condition, the Postal Service shall give the Lessor written notice thereof, specifying a time for completion of the work which is reasonable and commensurate with the nature of the work required.

[4]Collins denies that the Trust must be given written notice if repair or maintenance is required before the Trust can enter the property.  She points out that nothing in the Lease

Postmaster admitted in a deposition that notice of the eroded curb was never[5] provided to the Trust by the Postal Service.  *Trust SMF ¶6*; *Dkt. No. 12.*  The Postmaster also admitted that the Post Office is responsible for the grounds at 2 Forge Street and that it employs two individuals to perform maintenance and upkeep.  *Trust SMF ¶7*; *Dkt. No. 12.*

## IV. <u>Discussion</u>

**A.     Motion to Dismiss Standard**

The Postal Service's motion to dismiss is governed by Rule 12(b)(6), which provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief."  *Phelps v. Kapnolas*, 308 F.3d 180,184 (2d Cir. 2002) (citation omitted).  "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered

---

limits the Trust's ability to perform repairs or maintenance without prior notice from the Post Office.  *Collins SMF ¶5; Dkt. No. 19.*

[5]Collins denies that notice of the defect was *never* provided to the Trust. *Collins SMF ¶6; Dkt. No. 19.*

in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) (citation and internal quotation omitted).  Therefore, in reviewing a motion to dismiss, a "court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps*, 308 F.3d at 184 (citations omitted).

**B.   The Postal Service's Motion to Dismiss**

The Postal Service moves to dismiss the third-party complaint on jurisdictional grounds.  It argues that the court does not have jurisdiction under either of the two applicable removal statutes, 28 U.S.C. §§ 1441(a) or 1442(a)(2).  It maintains that the court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1441(a) because third party-defendants may not remove a case under this statute.  Alternatively, it argues that the only section under which it would be appropriate to remove this case is 28 U.S.C. § 1442(a)(2).  The Postal Service then contends that the "derivative jurisdiction doctrine" prohibits the court from exercising subject matter jurisdiction in this case (even under the appropriate removal statute) because the state court from which it was removed lacked jurisdiction to entertain the Trust's third-party tort claims against the Postal Service.

**1.    28 U.S.C. § 1441(a)**

During the December 15 motion hearing, Mr. Tyzbir, the Trust's attorney, argued that third-party defendants may remove pursuant to 28 U.S.C. § 1441.  Section 1441(a) of Title 28 provides that an action as to which there is "original jurisdiction may be removed by the defendant... to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The plain text of the statute does not permit removal by a person other than a defendant and courts have routinely held that a third-party defendant may not remove under section 1441(a)."  *Casul v. Modell's NY II, Inc.*, 2004 U.S. Dist. LEXIS 19604 *4 (S.D.N.Y. Sept. 30, 2004).  Thus, the general rule is that "[t]hird-party defendants are not 'defendants' for purposes of §1441(a)."  *Id.*  "This interpretation of section 1441(a) comports with the need to strictly construe the removal statute lest a judicial gloss serve as an unwarranted encroachment on state sovereignty."  *Id.*

Mr. Tyzbir cited a 1988 Northern District of New York decision by Judge Munson for the proposition that third-party defendants may properly remove under this section.  *See Mignogna v. Sair Aviation, et. al.*, 679 F.Supp. 184 (N.D.N.Y. 1988).  In *Sair*, Judge Munson "recognized a limited exception to the general rule that only the original defendant may remove

7

by allowing a third-party defendant to remove an entire action pursuant to

28 U.S.C. § 1441(c) where the claim against the third-party defendant is

separate and independent." *Sair,* 679 F.Supp. at 184; *see also New

Venture Gear, Inc., v. Fonehouse*, 982 F.Supp. 892 (N.D.N.Y. 1997).

However, inherent in this exception is the requirement that the removed

action is separate and independent of the nonremovable action.  A

"'separate and independent action' does not exist for the purposes of §

1441(c) if there is a 'single wrong to plaintiff... arising from an interlocked

series of transactions.'" *Fonehouse*, 982 F.Supp. at 893 (quoting *American

Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951)).  "[T]he Second Circuit

stated that a separate and independent claim or cause of action is a

reference, not to the variety of legal theories advanced, but to the

underlying occurrence or occurrences giving rise to the litigation." *Id.*

(citing *Gardner and Florence Call Cowles Found. v. Empire Inc.*, 754 F.2d

487, 481 (2d Cir. 1985)).  "A contribution claim against a joint tortfeasor in a

third-party complaint is not 'separate and independent' from the allegations

of negligence" in an original complaint.  *Sair*, 679 F.Supp. at 190.

Here, the Postal Service is a third-party defendant which sought

removal under 28 U.S.C. § 1441(a).  Whether removal was proper hinges

8

on whether the third-party complaint is separate and independent from the

original cause of action.  Collins sued the Trust for negligence, and the

Trust subsequently sued the Postal Service for contribution and

indemnification.  Even after accepting the material facts alleged in the

complaint as true, and construing all reasonable inferences in plaintiff's

favor, it is clear that the Trust's third-party claim is not separate and

independent from Collin's original claim.  Therefore, the court does not

have jurisdiction over the instant case based on 28 U.S.C. § 1441(a). **2.**

### 28 U.S.C. § 1442 and the Derivative Jurisdiction Doctrine

As the Postal Service points out, 28 U.S.C. § 1442 is the proper

removal statute in this case, and the case was properly removed to this

court.  In pertinent part, 28 U.S.C. § 1442 (a)(1) provides: "[t]he United

States or any agency... or officer [thereof] sued in any individual or official

capacity for any act..." in a civil action commenced in State court may

remove that action to any "district court of the United States for the district

and division embracing the place in which it is pending."

Having determined that this action was properly removed, the

question remains whether the court has subject matter jurisdiction over this

action.  "A defendant's power to remove a case to federal court is

9

independent of the federal court's power to hear it....Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claim." *Moreland v. Van Buren GMC*, 93 F. Supp.2d 346, 353 (E.D.N.Y. 1999).

The Postal Service maintains that the court lacks subject matter jurisdiction over this action because of the derivative jurisdiction doctrine. "The derivative jurisdiction doctrine holds that if the State court where an action was initially commenced lacked subject matter jurisdiction over the action, a federal court acquires none upon removal." *Minnesota v. United States*, 305 U.S. 382, 389 (1939).  This would be the result "even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." *Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986).  The weight of authority holds that the derivative jurisdiction doctrine, while outdated with respect to Section 1441, remains applicable to removals under Section 1442(a)(1).  *Singleton v. Elrac, Inc.*, 2004 U.S. Dist. LEXIS 23269, *3 (S.D.N.Y., Nov. 16, 2004).

This case was removed from a New York State court to this court by the Postal Service pursuant to 28 U.S.C. § 1442(a)(1).  It now argues that the State court lacked jurisdiction.  As such, if the State court lacked

subject matter jurisdiction, so does this court.

The third-party claims against the Postal Service are based on tort theories of contribution and indemnification.  Therefore, the Federal Tort Claims Act (FTCA) applies.[6]  The FTCA waives sovereign immunity for torts arising or resulting from the negligent or wrongful acts or omissions of any employee of the Government while acting within the scope of his employment.  28 U.S.C. § 2679(b)(1).  The FTCA bestows upon federal district courts exclusive jurisdiction to hear claims brought under it against the U.S. Government.  Therefore, the New York Supreme Court of Clinton County, the court where this suit was originally commenced, lacked subject matter jurisdiction.  Because the state court lacked jurisdiction over the third-party action, this court acquired none upon removal.  Accordingly, the third-party complaint is **DISMISSED**, and the remainder of this action is

---

[6]"The exclusive remedy for torts committed by federal [agencies]... in the course of their duties is the Federal Tort Claims Act.  However, unless a plaintiff has first timely exhausted her administrative remedies, the court has no subject matter jurisdiction over the FTCA claim. Section 2401(b) contains a two-year limitation period for claims brought under the FTCA providing that a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such a claim arose.  The FTCA administrative exhaustion rule is a jurisdictional requirement which cannot be waived"  *Mingo v. United States*, 274 F. Supp.2d 336, 344 (E.D.N.Y. 2003).

Here, it is unclear whether the Trust exhausted its administrative remedies before commencing the third-party action against the Postal Service.  However, the court declines to address this issue since the case is dismissed for lack of subject matter jurisdiction on other grounds, and the Postal Service does not raise this issue as a defense.

**REMANDED** to Clinton County Supreme Court.

**C.    Trust's Motion for Summary Judgment**

The Trust's motion for summary judgment is moot because the court

lacks subject matter jurisdiction.  Accordingly, the Trust's motion for

summary judgment is **DENIED** as moot.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Postal Service's motion to dismiss is **GRANTED**,

and it is further

**ORDERED** that the Trust's motion for summary judgment is **DENIED**

as moot, and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order

upon the parties.

**IT IS SO ORDERED.**

December 22, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge

12